**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


UNITED STATES OF AMERICA        :
                                :    CIVIL ACTION
     v.                         :
                                :    No. 12-cv-2951
MUMIN BASHEER,                  :
                                :
            Defendant.          :    CRIMINAL ACTION
                                :
                                :    No. 05-cr-616-01
                                :

<u>**MEMORANDUM AND ORDER**</u>

**Joyner, J.**                                    **June  19, 2013**

    This case is now before the Court on Defendant/Petitioner's
Habeas Corpus Motions Under 28 U.S.C. § 2255 (ECF Nos. 75, 77).
For the reasons set forth below, the Petitioner's Motions are
DENIED.

**I.  BACKGROUND**

    In September 2006, a jury returned a guilty verdict against
the Petitioner, Mumin Basheer, of all three counts of an
indictment which charged him with possession with intent to
distribute cocaine base, a controlled substance, in violation of
21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of
a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and
possession of a firearm by a convicted felon, in violation of 18
U.S.C. § 922(g).  On May 31, 2007, while awaiting sentencing, the
Petitioner filed a motion for judgment of acquittal pursuant to
Federal Rule of Criminal Procedure 29 and, simultaneously, a

motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. This Court, noting that the Petitioner had not timely filed either motion, nonetheless considered both on the merits and denied them without a hearing. United States v. Basheer, No. 05-cr-616-1, ECF No. 54 (E.D. Pa. June 21, 2007) (order denying motion for judgment of acquittal and motion for new trial).

On August 7, 2007, this Court sentenced the Petitioner to 252 months imprisonment, a $300 special assessment, a $1,500 fine, and 60 months of supervised release. The Court also entered a judgment and order of forfeiture against the Petitioner for several firearms and ammunition items.

Petitioner noticed his appeal of his conviction and sentence to the Third Circuit Court of Appeals on August 23, 2007. In his appeal, the Petitioner argued that: (1) insufficient evidence supported his convictions; (2) this Court improperly granted the Government's motion to include evidence of a prior conviction; (3) this Court improperly admitted certain expert testimony; and (4) this Court made several sentencing errors. The Court of Appeals rejected the Petitioner's arguments and affirmed his conviction and sentence on December 7, 2010. See generally United States v. Basheer, No. 07-3537, 2010 WL 4948960 (3d Cir. Dec. 17, 2010).

Petitioner then petitioned the Supreme Court of the United States for a writ of certiorari. On June 6, 2011, the Supreme Court denied certiorari. <u>Basheer v. United States</u>, 131 S. Ct. 2980 (2011).

The Petitioner filed this petition for <u>habeas corpus</u> relief pursuant to 28 U.S.C. § 2255 with this Court on May 29, 2012, less than one year after the denial of his petition for certiorari. In the petition, he asserts: (1) a Sixth Amendment ineffective assistance of counsel claim at trial based on his trial counsel's failure to present the testimony of an available witness, and (2) a due process claim based on insufficient evidence to convict and his purported actual innocence.

The charges against the Petitioner stemmed from a narcotics selling operation at an abandoned house in Philadelphia. In several separate transactions on December 2, 2003, police officers observed a juvenile receive money from a pedestrian or passing motorist, enter the abandoned house, and give small objects to the pedestrian or passing motorist. After arresting one of the purchasers in one of these transactions, the police officers discovered that the purchaser possessed narcotics. The police officers arrested the juvenile and found him in possession of $3.00. The police officers then entered the abandoned house, where they encountered the Petitioner. The Petitioner fled on foot. The officers who remained at the abandoned house

discovered a number of firearms, ammunition items, narcotics, and narcotics packaging material. Other officers pursued the Petitioner and ultimately captured him. The Petitioner had $1,470 on his person when the officers apprehended him. The jury ultimately found that the Petitioner possessed the narcotics and the firearms found in the abandoned home and that the Petitioner was engaged in narcotics distribution. The jury accordingly found the Petitioner guilty on all counts charged in the indictment.

## II.  STANDARD

Section 2255 of Title 28 of the United States Code provides an avenue for individuals under federal custody to challenge their sentences. To succeed in such a challenge, the petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Petitioner's constitutional claims stem from (1) an alleged Sixth Amendment violation, and (2) a due process violation based on insufficient evidence of his guilt and his actual innocence of the crimes of which the jury convicted him.

First, the Supreme Court of the United States has long recognized that the right to counsel under the Sixth Amendment

and the Due Process Clauses is crucial to protecting the fundamental constitutional guarantee of a fair trial.  See Strickland v. Washington, 466 U.S. 668, 684-85 (1984).  In order to establish that counsel's assistance was indeed ineffective, a petitioner must meet both elements of the two-pronged test established in Strickland.  First, a petitioner must establish that counsel not only erred, but that counsel's errors were considerable enough to undermine the proceedings to such an extent that the outcome cannot be relied upon as fair and just. Id. at 687.  Second, it must also be established that counsel's actions prejudiced the defendant and deprived defendant of a fair and reliable trial.  Id. at 687.  "Not every 'error by counsel, even if professionally unreasonable, . . . warrant[s] setting aside the judgment of a criminal proceeding.'"  Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010) (quoting Strickland v. Washington, 466 U.S. 668, 691 (1984)).  A petitioner must demonstrate that counsel's error was prejudicial and that there is a reasonable probability that were it not for the error the outcome of the proceeding would have been different.  Id. at 197-98.

Second, defaulted § 2255 "claim[s] may still be reviewed in [a] collateral proceeding if [the petitioner] can establish that [a] constitutional error . . . has probably resulted in the conviction of one who is actually innocent," Bousley v. United

5

States, 523 U.S. 614, 623 (1998), such that "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327–328 (1995)). The Supreme Court has made it plain that "'actual innocence' means factual innocence, not mere legal insufficiency." Id. Moreover, the Supreme Court has never held that "actual innocence" is a freestanding, cognizable claim for habeas corpus relief. See House v. Bell, 547 U.S. 518, 554–55 (2006); Herrera v. Collins, 506 U.S. 390, 400, 404 (1993). Even if a freestanding actual innocence claim could form the basis for habeas relief, such a claim could only succeed upon a showing which met an "extraordinarily high" threshold. House, 547 U.S. at 554–55.

## III.  DISCUSSION

The Petitioner asserts that his Sixth Amendment rights were violated through deficient performance by his counsel and that insufficient evidence supported his conviction. He also claims that he is actually innocent of the crimes of which the jury convicted him. None of the Petitioner's claims has merit, so we deny him habeas corpus relief. We discuss each of the Petitioner's claims in turn.

## A.  Failure to Call an Available Witness

The Petitioner alleges that his trial counsel provided constitutionally deficient assistance because he did not avail

himself of the opportunity to call the juvenile police observed
ferrying money and narcotics between the abandoned home and the
purchasers of the narcotics as a witness.  (Pet'r Mot. at 15-17.)
Specifically, the Petitioner argues that the juvenile would have
testified at trial as he did before the grand jury, that is, that
he did not know the Petitioner, that the weapons and narcotics in
the abandoned home belonged to him, and that the Petitioner was
not present in the abandoned house on December 2, 2003.  (See
generally Pet'r App. Ex. A. (the "Grand Jury Testimony").)  We
deny habeas relief on this basis.

The Petitioner has not shown that his trial counsel's
decision not to call the juvenile as a witness was so
unreasonable as to overcome the strong presumption that counsel's
strategy "falls within the wide range of reasonable professional
assistance."  Strickland, 466 U.S. at 689.  Indeed, a lawyer may,
consistent with Strickland, decline to put on potentially
exculpatory testimony where he or she makes a reasonable,
informed decision that "calling . . . [the witness] . . . may
[be] more damaging to [the] defense than not calling him."
McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir. 1993).

Here, the Petitioner acknowledges that his trial counsel
received copies of the juvenile's grand jury testimony.  (Pet'r
App. Ex. C (the "Basheer Aff."), ¶¶ 10-12.)  He further
acknowledges that his trial counsel informed him that "[trial

counsel] thought he could beat the case without [the juvenile]."
Id. ¶ 12.  The Petitioner has presented no evidence to suggest
that trial counsel's decision not to call the juvenile and,
instead, to emphasize the juvenile's absence from the
Government's case constituted anything other than a reasonable
and informed tactical decision.[1]  Moreover, as the Government
aptly notes, the grand jury apparently rejected the juvenile's
testimony and indicted the Petitioner anyway; based on this
experience, a reasonable, effective lawyer could easily conclude
that the petit jury would likely do the same and therefore quite
properly decline to put on the juvenile's testimony.  It follows
that, on this record, trial counsel's conduct did fall so far
below the Strickland standard to warrant habeas relief.[2]

---

[1] For the first time in his reply submission, the Petitioner argues that his trial counsel also rendered ineffective assistance when he failed to consult with him about the decision not to call the juvenile as a witness or share the content of the juvenile's testimony before the grand jury.  (Pet'r Reply at 1-8.)  "An attorney undoubtedly has a duty to consult with the client regarding important decisions, including questions of overarching defense strategy. . . .  That obligation, however, does not require counsel to obtain the defendant's consent to every tactical decision."  Florida v. Nixon, 543 U.S. 175, 187 (2004) (internal citations and quotations omitted).  "[W]hich witnesses to call is a classic tactical decision left to counsel, . . . and it remains a decision for counsel even when the client disagrees."  United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010) (citing Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991)); see also United States v. Williams, 106 F.3d 1362, 1367 (7th Cir. 1997) ("A lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review.  The Constitution does not oblige counsel to present each and every witness that is suggested to him.") (internal citations and quotations omitted).  Here, trial counsel's decision not to call the juvenile or share the contents of his testimony before the grand jury did not rise to the level of such fundamental decisions that required his client's knowledge or consent, so this argument fails.

[2] To the extent that the Petitioner claims that his trial counsel rendered constitutionally ineffective assistance by failing to contact or investigate several unnamed witnesses who saw the Petitioner enter the abandoned house less than ten minutes before the officers entered and he fled

A § 2255 motion is a safety net that ensures, among other things, that all defendants are provided with their Sixth Amendment right to counsel. It does not, however, provide petitioners with an opportunity to second-guess counsel's sound trial strategy in an attempt to secure a second bite at the apple. The Petitioner's trial counsel here made an eminently reasonable decision not to put on the juvenile's testimony and, instead, exploit the juvenile's absence as a flaw in the Government's case. Therefore, the Petitioner's argument that his attorney was ineffective because he chose not to call the juvenile as a witness lacks any merit.

## B. Sufficiency of the Evidence

The Petitioner claims that insufficient evidence supported his convictions and that he is actually innocent of the crimes of which the jury convicted him. (Pet'r Br. at 4-5.) This argument does not warrant <u>habeas</u> relief.

As a general rule, § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." <u>United States v. DeRewal</u>, 10 F.3d 100, 105 n.4 (3d Cir. 1993). The record in this case reveals that the Petitioner challenged

---

(<u>see</u> Basheer Aff. ¶¶ 1, 13), the claim has no merit. The Petitioner presents no evidence that any such witnesses exist, that he disclosed their purported existence to trial counsel, or what testimony the purported witnesses might have offered if his trial counsel had contacted them. The Petitioner therefore cannot show that his trial counsel acted unreasonably or that any claimed failings prejudiced him. <u>See</u> <u>D'Amario v. United States</u>, 403 F. Supp. 2d 361, 372 (D.N.J. 2005) ("Prejudice resulting from ineffective assistance of counsel cannot be based on mere speculation as to what witnesses might have said.").

the sufficiency of the evidence of his constructive possession of narcotics and a firearm.  The Court of Appeals held that there was sufficient evidence to support the jury verdict and rejected this argument.  <u>See</u> <u>Basheer</u>, 2010 WL 4948960, at *1-2.  Therefore, the Court cannot reconsider this claim for relief in this § 2255 proceeding.

To the extent that the Petitioner attempts to assert a freestanding actual innocence claim, we note that the Supreme Court has never held that such a claim is cognizable.  <u>E.g.</u>, <u>House</u>, 547 U.S. at 554-55.  We therefore have no authority to grant the petition on this basis.

Even if we concluded that the Petitioner could assert a freestanding actual innocence claim for <u>habeas</u> relief, the record here would not warrant such relief.  Again, a petitioner must meet an "extraordinarily high" burden to justify such relief.  <u>House</u>, 547 U.S. at 554-55.  The Petitioner has not met such a high standard.  He points to no reliable, newly discovered evidence which tends convincingly to show that he is actually innocent.  <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 326-27 (1995).  Instead, he merely recites the same arguments about purported evidentiary deficiencies which the Court of Appeals rejected on direct review and which we similarly reject here.  Even if a freestanding actual innocence claim could warrant <u>habeas</u> relief, this showing would not justify it.

## IV. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  Based on the analysis above, we conclude that the motion, files, and records of this matter conclusively show that the Petitioner is not entitled to relief on any of his claims.  Accordingly, we dispose of the petition without need for an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

Finally, the Court must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  In this case, we conclude that reasonable jurists could not find the resolution of Petitioners' claims debatable or wrong.  Accordingly, the Court will not grant the Petitioner a

certificate of appealability with respect to his claims for <u>habeas</u> relief.

**VI.  CONCLUSION**

As discussed above, the Petitioner has no viable claim for <u>habeas corpus</u> relief on any of the grounds he has raised. Therefore, the Petitioner's request for <u>habeas</u> relief is denied. An order follows.